12-2580-cr
*United States v. Frederick*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand thirteen.

PRESENT:

GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,

*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

-v.- No. 12-2580-cr

KISSONE FREDERICK, AKA Blacko,

*Defendant-Appellant*.

_____

SHREVE ARIAIL (Jo Ann M. Navickas, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*

MEGAN WOLFE BENETT (Joyce C. London, *on the brief*), New York, NY, *for Defendant-Appellant*

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Kissone Frederick ("Frederick") appeals from a June 21, 2012 judgment of conviction entered by the United States District Court for the Eastern District of New York (Matsumoto, *J.*) following a jury trial. Prior to trial on charges of Hobbs Act conspiracy, *see* 18 U.S.C. § 371, two Hobbs Act armed robberies, *see* 18 U.S.C. § 1951(a), and related firearm charges, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(c)(1)(A)(i) and (ii), Frederick declined a plea agreement that likely would have resulted in a substantially shorter sentence than the thirty-two years' imprisonment he eventually received. Frederick argues on appeal that his lawyer afforded him ineffective assistance in deciding whether to accept the plea offer, in violation of Frederick's Sixth Amendment rights. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012). A claim of ineffective assistance of counsel has two elements. "First, the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that deficient performance prejudiced the defense." *Id.* We review a claim of ineffective assistance of counsel *de novo*, *United States v. Guang*, 511 F.3d 110, 119 (2d Cir. 2007), and review the district court's underlying factual findings for clear error, *see Davis v. Greiner*, 428 F.3d 81, 92 (2d Cir. 2005).

Frederick argues that his counsel, Ephraim Savitt ("Savitt"), performed deficiently in three ways: (1) by not advising Frederick that he could be subject to a fifteen-year mandatory minimum

sentence under the Armed Career Criminal Act, *see* 18 U.S.C § 924(e); (2) by not advising him that he could be deemed a "career offender" under the United States Sentencing Guidelines, subjecting him to a heightened Guidelines range under U.S.S.G. § 4B1.1; and (3) by failing to inform Frederick that he could receive credit for time served in state prison on a related conviction. The district court concluded that Frederick failed to establish either: (1) that Savitt provided ineffective assistance in evaluating the plea offer; or (2) that Savitt's performance, assuming that it was deficient in any way, prejudiced Frederick. We affirm the district court's second conclusion, without reaching the first.

To prove prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of plea negotiations, a defendant can make this showing by producing both a sworn affidavit or testimony stating that he would have accepted or rejected a plea agreement but for his counsel's deficient performance and also some additional "objective evidence" supporting his claim. *See United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998); *see also Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003). This "objective evidence" can be a large disparity between the defendant's advised and actual sentencing exposure. *Gordon*, 156 F.3d at 381. Even with such a disparity, however, the district court must still find the defendant's evidence to the effect that he would have made a different decision but for his counsel's deficient advice to be credible. *See Purdy v. United States*, 208 F.3d 41, 49 (2d Cir. 2000); *see also United States v. Arteca*, 411 F.3d 315, 321 (2d Cir. 2005) (explaining that this Circuit "has not adopted mechanistic rules for determining whether an adequate showing of prejudice has been made, but inquires into the record as a whole to determine whether a reasonable probability exists that absent counsel's error, the outcome of the proceeding would have been different").

There is a large disparity between Frederick's sentence and the likely sentence he would have received pursuant to the plea agreement, which contained an estimated sentencing range of 161 to 180 months, including a minimum term of eighty-four months. Frederick has also provided a sworn affidavit stating that but for his counsel's allegedly deficient advice he would have accepted the plea deal. Savitt, however, testified that he repeatedly emphasized to Frederick that the case against him was overwhelming and that if convicted at trial he would face a minimum sentence of thirty-two years, a sentence much higher than the one he would receive under the plea agreement (but very close to the sentence he in fact received). Savitt further testified that he warned Frederick of the possibility of a fifty-year sentence if convicted at trial. According to Savitt, Frederick was adamant that he wanted to proceed to trial, even threatening at one point that "he would ask for new counsel if [Savitt] continued to suggest that he should consider the government's plea offer."

The district court found Savitt's testimony to be credible, and found Frederick's affidavit not to be credible. We cannot conclude that this determination was clear error. First, while Savitt testified before the district court, Frederick did not. Moreover, contemporaneous emails sent by Savitt corroborate his account of Frederick's obstinacy about proceeding to trial despite the likelihood of receiving a fifty-year prison sentence. Though those emails also show that Frederick eventually became willing to accept a ten-year prison term, this alone does not refute Savitt's testimony, as Frederick argues. Ten years was still less than the likely prison term under the government's plea offer, and the district court did not clearly err in concluding that Frederick made the choice to reject a 13.5 to 15-year sentence "and to risk a 50-year prison sentence by proceeding to trial."

4

The district court determined that Frederick, despite the overwhelming evidence against him, strongly desired to proceed to trial despite the risk of facing a sentence at least twice as severe and probably even more substantially severe than the one he would likely have received under the government's plea offer. The district court further determined that Frederick was "repeatedly informed of the significant benefits of the plea offer." In light of these factual determinations, it was not error for the district court to conclude that there was no reasonable probability that additional information from his counsel about the potential consequences of proceeding to trial would have changed his mind.

We have reviewed Frederick's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk